UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MARK ALAN ADAMS | CASE NO. 20-11954 |
| *Plaintiff*, | HON. THOMAS L. LUDINGTON |
| v. | DISTRICT JUDGE |
| MARY ADAMS SEMCKEN, et al., | HON. PATRICIA T. MORRIS |
| | MAGISTRATE JUDGE |
| *Defendants*. | |
| _____/ | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
*SUA SPONTE* DISMISSAL**

**I.   RECOMMENDATION**

*Pro se* Plaintiff Mark Alan Adams filed a 26-count complaint, in addition to a claim of declaratory and injunctive relief, a request for mandamus, and alleged criminal counts. (ECF No. 1.) Plaintiff's complaint identifies 74 Defendants, not including those who would be found via discovery. (*Id.*, PageID.1–3.) Because Plaintiff proceeds *in forma pauperis* ("IFP"), (ECF No. 5), I have examined his complaint under 28 U.S.C. §§ 1331, 1343, 1367, 1915, and 42 U.S.C. § 1983. For the following reasons, I conclude that Plaintiff has failed to state a claim, and therefore his complaint should be ***SUA SPONTE* DISMISSED**.

**II.   REPORT**

   **A.   Factual Background**

Plaintiff's complaint includes 46 paragraphs claiming jurisdiction, venue, and common allegations. Generally stated, Plaintiff claims may be summarized as

1

> Defendants collective State and Federal criminal acts documented in this case include conspiracy, acts of domestic terrorism, numerous individual obstructions of justice, fraud, perjury, making false statements, extortion, grand theft, computer crimes, malpractice, retaliating against witnesses and crime victims, obstruction of criminal investigations of healthcare offenses (18 USC Chapter 73), aiding and abetting criminals, and ultimately the wrongful death / extrajudicial killing / depraved heart murder of Shirley Adams.

(ECF No. 1, PageID.7–8, ¶ 18.) Plaintiff continues with allegations of adverse judicial rulings, selective persecution, a baseless lawsuit, and bullying. (*Id.*, PageID.8.) Further, "alleged wrongdoings includ[e] violations of human rights, the State Open Meetings Act and Freedom of Information Act, police brutality, harassment, corruption, trespassing, fraud . . ." and "obstruction of justice, fail[ure] to uphold [Plaintiff's] civil rights, refus[al] to investigate or charge [Plaintiff's] assailants. (*Id.*, PageID.9.) Plaintiff alleges a course of "unconstitutional initiatives" lead to the death of his mother. (*Id.*)

Plaintiff alleges that his wrists and shoulders were injured during a false arrest and detainment. (*Id.*) Plaintiff also alleges he was assaulted and injured in March 2015, following a video arraignment. (*Id.*, PageID.10.) He sought medical treatment for these injuries. (*Id.*, PageID.11.) Also, he was "extorted" $6,000 in exchange for release from jail. (*Id.*, PageID.10.)

Plaintiff alleges "All lawful economic developments and recreational land uses have been halted by Bridgeport Township's Stop Work Order, since 2012." (*Id.*, PageID.11.) And that "Defendants have so far succeeded in the destruction of [Plaintiff's] off-the-grid farming initiatives . . . [and] hurt not only [Plaintiff] and business, but our environment and economy." (*Id.*)

Plaintiff alleges that "State Actors and Lawyers have profited handsomely" from the actions against Plaintiff. (*Id.*, PageID.12.)

### B.  Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court may *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

3

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C.   Law and Analysis

Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Where, as here, a pleading is so verbose that neither the court nor the defendants can readily identify the claims asserted, the complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. *See Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (116-page prisoner civil rights complaint subject to dismissal pursuant to Rule 8(a)(2)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, 1991 WL 54882 (6th Cir.

1991) (affirming dismissal with prejudice for failure to comply with Rule 8); *Gipbsin v. Kernan*, 2008 WL 1970090, at *3 (E.D. Cal. 2008) (a complaint should not include "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like").

Similar to the claims in *Asbury v. Bisig*, 70 F. App'x 247 (6th Cir. 2003), here, Plaintiff identifies 74-plus Defendants in the caption of his complaint, but he does not explain their roles with particularity for any Defendant to understand the count(s) against them. Further, the recitation of various constitutional, statutory, or common law provisions are not clearly applied to the facts of this case. "A complaint must contain allegations regarding all the material elements to sustain a recover under some viable theory." *Asbury*, at 249.

Here, each count will be discussed in turn.

In Count I, civil rights first amendment retaliation state imposed silence regarding extortion: Plaintiff claims he was "assaulted, abducted, drugged, detained and falsely imprisoned by [Defendants]" because Plaintiff "engag[ed] in First Amendment protected expression. Defendant vaguely identifies two allegations of arrest, in ¶¶ 27 and 33 of his complaint. (ECF No. 1, PageID.9–10.) However, Plaintiff does not identify what Defendant(s) acted in ¶ 27, and Plaintiff does not identify what protected conduct he engaged in prior to the alleged response by the Sheriff's deputy in ¶ 33. (*Id.*) Broadly, Plaintiff's complaint never identifies his conduct of protected activity, other than the asserted fact of "engaging in First Amendment protected expression." (ECF No. 1, PageID.14.) This conclusory allegation is insufficient under Rule 8. In addition, a plaintiff

"must show a causal connection between a defendant's retaliatory animus and subsequent injury in any sort of retaliation action . . . ." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (citing *Crawford-El v. Britton*, 523 U.S. 574 (1998)). *See also Wilson v. City of Shaker Heights*, 741 F. App'x 312 (6th Cir. 2018). Here, any causal connection is also absent in the allegations. For these reasons, Plaintiff's claim here fails for all Defendants.

In Count II, violation of Fourth Amendment, unreasonable search and seizure without probable cause: Plaintiff alleges he was "physically seiz[ed], restrain[ed], abduct[ed], [and] assault[ed]. (ECF No. 1, PageID.15.) Further, his clothes were cut; his blood, DNA, and bodily fluids were taken; he was forcibly drugged; he was detained and terrorized, among other allegations. (*Id.*) Again, Plaintiff fails to identify what Defendant(s) committed these acts or even when these acts were committed. Next, similar to Count II, in Count III, violation of fourth amendment, common law false arrest and imprisonment: Plaintiff alleges he was "restrained, detained and confined", among other allegations, by unidentified Defendants. (*Id.*, PageID.15–16.) No Defendant could properly respond to these claims, as no particular Defendant has been identified. Thus, Plaintiff's claim fails here.

In Count IV, Plaintiff claims injuries following unreasonable seizures following an individual's use of excessive force. Plaintiff, in his common allegations, identified two instances of alleged injuries following the use of excessive force in ¶¶ 27 and 33. In ¶ 27, there is no identified Defendant. In ¶ 33, Plaintiff's alleged claim fails because the instant lawsuit was filed five years after the event, and thus is outside of the three-year statute of limitations. "[C]onstitutional claims asserted under 42 U.S.C. § 1983 are governed by the

state personal injury statute of limitations." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Id.* (citation omitted). "[T]he appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims. Mich. Comp. Laws § 600.5805(10)" *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) (citing *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004)). While Plaintiff did not identify ¶ 33-event as the arrest, the Due Process protections of the 14th Amendment protect a pretrial detainee from excessive force amounting to punishment. *Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). To sum up, while Count IV has comparatively more detail than other counts, nevertheless, his injury allegations fail because Plaintiff either does not identify, even vaguely, what Defendant caused his alleged injury, or where he attempts identification via greater detail, he is outside the statute of limitations on his claim.

In Counts V, violation of the Fifth Amendment; VI, violation of the Seventh Amendment; VII, violation of the Eight Amendment: Plaintiff provides no details within these counts as to his claims, nor do the common allegations provide sufficient detail about what Defendants acted to commit these alleged acts. Plaintiff fails to state a claim here.

In Count VIII, Plaintiff alleges violation of the Fourteenth Amendment. Plaintiff gives cursory conclusory statements alleging that "Government officials expressed animus against the plaintiff" and that they "treated [Plaintiff] and his property differently than other similarly situated property within its jurisdiction." (ECF No. 1, PageID.19.) Plaintiff also

7

alleges a governmental taking. (*Id.*) However, Plaintiff's complaint lacks any detail as to what action was taken. Based on Plaintiff's common allegations, presumably the governmental actors that Plaintiff is talking about is Bridgeport Township. (*Id.*, PageID.11, ¶ 38.) However, the conduct described here does not implicate a township government to bring that government into the fold of § 1983 municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Therefore, Plaintiff fails to state a claim.

In Counts IX, assault and battery; X, false imprisonment; XI, common law and statutory malicious prosecution; XII, intentional infliction of emotional distress, XIV, Negligence; XVII, personal injury; XVIII, fraud; XX, defamation/slander: Plaintiff fails to identify what actions of particular defendants amounts to these alleged claims. Further, Plaintiff's claims fail to the extent that state law claims are applied to nondiverse Defendants. *Probus v. Charter Commc'ns*, 234 F. App'x 404, 407 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). There is no federal question jurisdiction, as to these claims. *See, e.g.*, *Mays v. City of Flint*, 871 F.3d. 437, 449 (6th Cir. 2017) ("the Supreme Court has held that, when a plaintiff's complaint raises garden-variety tort claims, 'the presence of a claimed violation of [a federal] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.'") (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986)).

I further find that the Court should not exercise supplemental jurisdiction over any state law claims. When a court properly retains original jurisdiction over a civil action, it "shall have supplemental jurisdiction over all other claims . . . so related to

8

claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts may, however, "decline to exercise supplemental jurisdiction" over a claim if: (1) it "raises a novel or complex issue of State law"; (2) it "substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) the court "has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c)(1)-(4).

In enacting § 1367, Congress gave solider form to supplemental jurisdiction's progenitor, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966), which held, among other things, that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Id.* at 726. This principle retained favor in the Sixth Circuit, which routinely held that where, as here, "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical*, 89 F.3d at 1254-55; *accord Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011). Indeed, in *Musson Theatrical*, the Sixth Circuit indicated that "a 12(b)(6) dismissal of the touchstone claims" will typically preclude "exercise of supplemental jurisdiction over any remaining claims" absent "unusual circumstances," such as anticipated prejudice in the state courts. 89 F.3d at 1255 (quoting *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 318 (6th Cir.

9

1987)). No such unusual circumstances exist here, thus, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

In Counts XV, abuses of women, elderly, and disabled persons; and XVI, wrongful death, these claims fail. First, these claims lack specificity as to the alleged conduct of what Defendant(s) committed these acts, and further lack specificity as to the victim (presumably Plaintiff is referring to his deceased mother). In Count XV, Plaintiff clearly is not the real party in interest of his deceased mother, as he is has never indicated he is acting in a capacity of an executor of her estate. *See* Fed. R. Civ. P. 17. Next, as to Count XVI, wrongful death, federal courts in this appellate circuit and state apply the Michigan Wrongful Death statute (Mich. Comp. Law § 600.2922) for the distribution of wrongful-death recoveries. *Lewis v. Charter Twp. of Flint*, 767 F. App'x 591, 594 (6th Cir. 2019) (collecting cases). In the Wrongful Death statute, "Every action under this section *shall* be brought by, and in the name of, the personal representative of the estate of the deceased." Mich. Comp. Law § 600.2922(2) (emphasis added). Here, again, Plaintiff is not the personal representative of his mother's estate, thus Plaintiff cannot state a claim here.

In Count XIII, municipal liability: Plaintiff fails to state a claim. "Municipal liability attaches only where the policy or practice in question is "'attributable to the municipality[.]'" *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012)).

> To properly allege a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or

(4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations."

*D'Ambrosio v. Marino*, 747 F.3d at 386 (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Here, Plaintiff's allegations do not identify any municipal government together with any of the four elements above.

Finally, in Counts XIX, perjury; XXI, obstruction of justice; XXII state sponsored terrorism; XXIII, violations of crime victims rights; XXIV, violations of oaths; XXV civil rico; XXVI, violations of treaties; XXVII.A, declaratory and injunctive relief; XXVII.B, mandamus relief, and criminal counts, these claims are frivolous. "A case is frivolous if it lacks arguable basis either in law or fact" *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Here, § 1983 claims are civil cases, and these counts here are either criminal claims or wholly undeveloped in terms of citation to any relevant law or fact.

Overall, again, Plaintiff identified a total of 74-plus Defendants, in his complaint's caption. To the extent that any of the Defendants have not yet been discussed in this report, any claims against those remaining Defendants should be dismissed for failure to state a claim against any of them. Nothing in Plaintiff's counts or common allegations rise to a claim against any particular remaining Defendant.

### D.    Conclusion

In summary, there are no remaining counts or Defendants remaining after screening. For all the reasons stated above, I recommend that this Court *sua sponte* dismiss this complaint.[1]

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373

---

[1] Having screened the claims themselves rather than the Defendants, I also note that a good number of Defendants would also be subject to dismissal for having absolute judicial immunity, i.e., Defendants Borchard, McGraw, Boes, Caprathe, Jurrens, Clark, Thompson, and Tarrant. *See Mireles v. Waco*, 502 U.S. 9, 9-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (stating that "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983"). In addition, many Defendants are entities not capable of being sued, or are federal actors rather than state actors, or appear to be actors sued because of their supervisory position as head of various state and federal agencies but § 1983 does not allow defendants to be held vicariously liable for the actions of others. **Error! Main Document Only.***Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

(6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 10, 2020                    S/ PATRICIA T. MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Mark Alan Adams at 9949 Van Cleve Road, Frankenmuth, MI 48734.

Date: September 10, 2020                     By s/Kristen Castaneda
                                             Case Manager